# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELFIRE, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:05cv803 (MRK) |
| | : | |
| SPRAY (PARCEL 6) PARTNERSHIP, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

_____Having reviewed the submissions of the Plaintiff and having conferred with the parties on

the record via telephonic conference on May 19, 2005, the Court hereby DENIES Plaintiff's

request for a temporary restraining order as set forth in Plaintiffs' complaint  [**doc. #1**] for the

following two reasons.

First, the Court is prohibited from granting Plaintiff the relief it seeks by the Tax

Injunction Act, 28 U.S.C. § 1341, which states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or
> collection of any tax under State law where a plain, speedy and efficient remedy
> may be had in the courts of such State.

Nothing contained in the Plaintiff's papers or stated during the telephonic conference has

persuaded the Court that Connecticut failed to afford Plaintiff a "plain, speedy and efficient

remedy." *See Finzie v. City of Bridgeport*, 880 F. Supp. 89, 93-95 (D. Conn. 1995).

Second, the Court would in any event abstain from asserting jurisdiction over this action

pursuant to the *Younger* abstention doctrine.  The *Younger* abstention doctrine requires federal

courts to abstain from asserting jurisdiction over "federal constitutional claims that involve or call

into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d

191, 198 (2d Cir. 2002).  Plaintiff has not persuaded the Court that either the "bad faith" or "extraordinary circumstances" exceptions to the *Younger* doctrine are present in this case.  *Sica v. Connecticut*, 331 F. Supp. 2d 82, 85 (D. Conn. 2004) (citing *Diamond "D"*, 282 F.3d at 197)).

For the aforementioned reasons, the Court DENIES Plaintiff's request for a temporary restraining order set forth in Plaintiffs' complaint [**doc. #1**].  In light of this ruling which was also issued to the parties orally on May 19, 2005 at the conclusion of the telephonic conference, the Court expects that the sale of Plaintiff's property went forward as planned on May 22, 2005.  *See* Compl. at 2.  Accordingly, the Court directs Plaintiff to, on or before **June 13, 2005**: (1) inform the Court whether the present action has been rendered moot as a result of the property sale; and (2) if the action is not moot, file an amended complaint.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut on** <u>May 23, 2005</u>.