UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELFIRE, LLC, | : |
|     Plaintiff, | : |
| v. | :    Civil No. 3:05CV803 (MRK) |
| SPRAY (PARCEL 6) PARTNERSHIP, ET AL., | : |
|     Defendants. | : |

**RULING AND ORDER**

In the present action, Plaintiff Elfire, LLC brings suit under 28 U.S.C. § 1983 against Defendants Spray (Parcel 6) Partnership ("Spray") and Sutherland W.G. Denlinger for their allegedly improper assessment and attempted collection of taxes. *See* Amended Complaint [doc. #7] at 3-4. Plaintiff alleges violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment and seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* at 5. Before the Court is Defendant Spray's Motion to Dismiss [doc. #10], which argues that the Court lacks jurisdiction over Plaintiff's claims. Because we agree, we dismiss Plaintiff's suit against both defendants.

**I.**

Plaintiff alleges that it has been illegally assessed property taxes in violation of its Fourteenth Amendment rights to equal protection and due process. Am. Compl. [doc. #7]. The long-standing dispute stems from municipal real estate taxes assessed by the Town of Redding against Plaintiff between 1994 and 1998. Plaintiff refused to pay the taxes the town claimed it owed, maintaining that the Town based its assessment on an incorrect map. *Id.* at 2; Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. #11] at 4-5. The Town brought a foreclosure action in

Superior Court, and then transferred to Defendant Spray the Town's interest in the tax liens against Plaintiff's property. *See* Am. Compl. [doc. #7] at 2; *Town of Redding v. Elfire, LLC*, No. CV990337512S, 2004 WL 3090656, at *1-2 (Conn. Super. Ct. Dec. 1, 2004). The foreclosure action ultimately resulted in a judgment of foreclosure by sale. *See Town of Redding* 2004 WL 3090656, at *10. The Superior Court appointed Defendant Sutherland Denlinger as the court's committee to conduct the auction of Plaintiff's property. *Id.* Plaintiff has continued to dispute the validity of the Town's tax assessment in the Superior Court, so far without success. *See* Am. Compl. [doc. #7] at 3-4; Mem. of Law in Supp. of Def.'s Mot. to Dismiss [doc. #11] at 6-7. According to Defendant Spray, "The current status of the Foreclosure is that Spray has asked the Superior Court to reschedule the auction, Elfire awaits a ruling on its request for reconsideration of one of its . . . post-judgment motions, and [Elfire's principal] has filed a personal appeal to the Appellate Court upon two of the unsuccessful post-judgment motions she filed individually (which appeal Spray has moved to dismiss)." Mem. of Law in Supp. of Def.'s Mot. to Dismiss [doc. #11] at 9.

Plaintiff initially filed this lawsuit on May 19, 2005, asking the Court to "temporarily and preliminarily enjoin [defendants] from enforcing the judgment [of the Superior Court] pending a trial on the merits before this court for the purpose of discharge of the invalid tax liens." Complaint [doc. #1] at 3. The Court denied Plaintiff's request for a temporary restraining order, explaining that the *Younger* abstention doctrine and the Tax Injunction Act, 28 U.S.C. § 1341, prevented the Court from granting the requested relief. Ruling and Order [doc. #4]. Thereafter, Plaintiff submitted an Amended Complaint [doc. #7], this time requesting declaratory and injunctive relief, as well as compensatory and punitive damages. Plaintiff contends that the tax assessment on its property was illegal, that the state has employed "improper and illegal procedure" in refusing to reconsider the

assessment, and that the Defendant Spray has shown bad faith in its continued efforts to foreclose on Plaintiff's property. *Id.* at 3-4.

The Court stayed the present suit on June 21, because the Court received notice that Plaintiff had filed for bankruptcy. Order [doc. #8]. Since then, the Court has learned that the bankruptcy case has been dismissed, and the Court now dissolves its previously issued stay. Defendant Spray has moved to dismiss. Motion to Dismiss [doc. #10]. The Court now GRANTS Spray's motion.

**II.**

There are three bars to the Court's ability to hear Plaintiff's claims. The first is found in the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal courts to abstain from hearing "federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). To the extent that Plaintiff's complaint asks this Court to enjoin Defendants' efforts through Connecticut judicial and administrative proceedings to collect the disputed taxes, the requested relief implicates the *Younger* abstention doctrine. Intervention under the present circumstances would only be appropriate if Plaintiff showed "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. While Plaintiff's Amended Complaint contains a conclusory allegation of bad faith, Am. Compl. [doc. #7] at ¶ 26, it contains no facts to support the allegation; nor has Plaintiff brought to the Court's attention any evidence of an improper motive, *see Diamond "D" Constr*, 282 F.3d at 199 (noting that "the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, [the 'bad faith'] inquiry"), or evidence of an "extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). Indeed, this Court has already said as much in denying Plaintiff's request for

3

a preliminary injunction on *Younger* grounds.  *See* Ruling and Order [doc. #4] at 2.

Second, the Tax Injunction Act, 28 U.S.C. § 1341, also prohibits the Court from granting the declaratory and injunctive relief sought by Plaintiff.  The Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Plaintiff's pleadings do not establish that the State courts have denied it a "plain, speedy and efficient remedy."  To the contrary, it appears that the State courts have afforded Plaintiff several thorough and thoughtful hearings.  *See, e.g.*, *Town of Redding v. Elfire, LLC*, 74 Conn. App. 491 (2003); *Town of Redding v. Elfire, LLC*, No. CV990337512S, 2004 WL 3090656 (Conn. Super. Ct. Dec. 1, 2004) (state-court decisions regarding the present dispute); *see also Finizie v. City of Bridgeport*, 880 F. Supp. 89, 94-95 (D. Conn. 1995) (explaining that Connecticut "provide[s] a plain, speedy and efficient remedy" to complaining taxpayers).  The Court perceives no reason to interfere with "the imperative need of a State to administer its own fiscal operations." *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981) (internal quotation marks omitted) (describing the considerations motivating the passage of the Act).

While *Younger* abstention and the Tax Injunction Act prevent this Court from granting Plaintiff the declaratory and injunctive relief it desires, they do not bar Plaintiff's claim for punitive and compensatory damages.  *See Bernard v. Village of Spring Valley, N.Y*, 30 F.3d 294, 297 (2d Cir. 1994) (explaining that the Tax Injunction Act bars only injunctive and declaratory relief).  However, the Supreme Court explained in *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100 (1981)*,* that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." *Id.* at 116.  This principle of comity

4

prevents state taxpayers such as Plaintiff from seeking damages in federal court to address the allegedly unconstitutional administration of a state tax system, just as the Tax Injunction Act prevents a federal court from awarding declaratory or injunctive relief for such claims, so long as the state provides a means of obtaining "plain, adequate, and complete" relief. *Id.* The Supreme Court in *McNary* further explained that the meaning of "plain, adequate, and complete" with respect to the principle of comity mirrors the meaning of "plain, speedy and efficient" under the Tax Injunction Act. *Id.* 116 n.8. As this Court has already explained, Plaintiff has failed to demonstrate that Connecticut's tax appeal procedures are inadequate to assess Plaintiff's claims. Therefore, the Court holds that the principle of comity recognized in *McNary* prevents this Court from considering Plaintiff's damage claims.

## Conclusion

In sum, the relief Plaintiff seeks is barred by the *Younger* abstention doctrine, the Tax Injunction Act, and the principle of comity. Accordingly, Defendant Spray's Motion to Dismiss [doc. #10] is GRANTED, and the case is dismissed as to all Defendants. **The Clerk is directed to close the file.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut, on October 11, 2005.**